BEFORE THE FIRST DIVISION, JULY 8, 1952

**No. 56786.**—James S. Moore for and in behalf of Reedy Forwarding Company v. United States, petitions 6877–R and 6878–R (Tampa).

OLIVER, Chief Judge:   These are petitions for remission of additional duties filed pursuant to section 489, Tariff Act of 1930, which duties accrued by reason of the undervaluation on entry of certain hard candies imported from Cuba.

The record discloses that the actual owners of the merchandise here in question were the Ellis Sales Company, Cleveland, Ohio, and the Commodity Sales Company, Chicago, Ill.   The owners of these goods engaged the firm of International Expediters, Inc., Chicago, Ill., as their customhouse broker and that company, in turn, employed the services of the petitioner herein, customhouse broker at Miami, Fla., to enter the merchandise and to act as forwarding agent.   Entries of the merchandise covered by these petitions were made by the petitioner at Miami, Fla., on December 4, 1946, and December 13, 1946.

The petitioner herein testified that at the time of making entry M–1191, dated December 4, 1946, covering merchandise imported by the Ellis Sales Company, he had in his possession the consular invoice, and that in the case of entry M–1312, dated December 13, 1946, covering merchandise imported by the Commodity Sales Company, he had no consular invoice, but had received telegraphic advice from the International Expediters, Inc., referred to above, relative to the value of the goods and stated that entry of the merchandise was made upon a *pro forma* invoice.   There was no difference between the *pro forma* and the consular invoices as to the value of the goods, which was stated as 14½ cents per pound, and which represents the entered value herein (R. 20).   Prior to entry in each case, the petitioner herein filed a submission sheet with the customs authorities requesting information relative to the value of the merchandise.   The record further indicates that all details in connection with said entries were on instructions from the International Expediters, Inc., the customhouse broker for the ultimate consignees, which company had forwarded to the petitioner the invoices covering these shipments.   The merchandise was entered at 14½ cents a pound and appraised at that price.   Subsequently, the collector filed appeals for reappraisements.   The importer thereafter agreed to an advance in value of a half cent a pound on this merchandise, as suggested by the Government.   Accordingly, on the appeals, it was stipulated that the market value or the price at the time of exportation to the United States of the said merchandise, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers, etc., was 15 cents per pound.   Thereupon, the court, on the appeals for reappraisement, found the export value of the

involved merchandise to be 15 cents per pound. The additional duties here in question arose by reason of such final appraised value being in excess of the entered values of the merchandise.

The issue here is the good faith of the petitioner in entering the imported merchandise (*United States* v. *American Metal Co., Ltd.*, 12 Ct. Cust. Appls. 440, T. D. 40612). In this regard, the petitioner testified that at the time of entry of the merchandise in question, he disclosed all facts then in his possession to the Government officials. He further stated that in making the involved entries, he had no intent to deceive or defraud the revenue of the United States or to mislead the appraiser as to the value of the goods. The record discloses that the petitioner communicated with the above-mentioned International Expediters, Inc., with a request that it verify the foreign values; that in the case of the entry which was made on a *pro forma* invoice, the company, as agent for the ultimate consignees, advised the petitioner by telegram that the correct value was 14½ cents per pound, which was the purchase price and the value at which it was entered. It further appears that the petitioner made inquiry from the same source as to the value of the merchandise covered by the second entry and that the correct value of the involved candy was also given as 14½ cents per pound, at which price the petitioner accordingly made entry. The petitioner further testified that prior to making entry, he made an independent inquiry from several brokers in the candy trade in an attempt to ascertain the correct value of this candy and that the result of his investigation indicated that the price varied between 11 cents and 14 cents per pound. The witness also stated that he had requested the International Expediters, Inc., to contact the shipper of the goods relative to their value. All information supplied by the above-named agent of the consignees, including prices as disclosed by contracts of sale covering the purchase of this merchandise, was furnished to the customs authorities by the petitioner herein at the time of making the respective entries. It thus appears that the petitioner herein did all that he reasonably could do to ascertain the value of the merchandise.

On the above record, it is apparent that entry of the merchandise in each case at a less value than that found on final appraisement was without any intention to defraud the revenue of the United States, conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise. The petitions are therefore granted, and judgment will be rendered accordingly.

DISSENTING OPINION

MOLLISON, Judge: I dissent.